UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO . 20-CV-20592-COOKE/O'SULLIVAN

PORSCHE DARDEN,
ELLIDRIA GRIFFIN, and
ALEXIS KING, *et al.,*

      Plaintiffs,
vs.

FLY LOW, INC., and
TERI GALARDI,

      Defendants.
                                    /

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff Alexis King's Expedited Motion to Reopen Case to Confirm Final Arbitral Award and Enter Final Judgment (DE# 28, 8/7/21). This matter was referred to Chief United States Magistrate Judge John J. O'Sullivan by the Honorable Marcia Cooke, United States District Court Judge for the Southern District of Florida, pursuant to 28 U.S.C. § 636(b). (DE# 29, 8/8/21). The defendants filed the Defendants' Response to Plaintiff Alexis King's Expedited Motion to Reopen Case to Confirm Arbitral Award and Enter Final Judgment [D.E. 28] ("Response") (DE# 32, 8/11/21). The plaintiff filed Plaintiff Alexis King's Reply in Support of Her Expedited Motion to Reopen Case to Confirm Final Arbitral Award and Enter Final Judgment (DE# 33, 8/11/21). The motion is ripe for disposition. Having reviewed the applicable filings and law, the undersigned respectfully recommends that Plaintiff Alexis King's Expedited Motion to Reopen Case to Confirm Final Arbitral Award and Enter Final Judgment (DE# 28, 8/7/21) be **GRANTED** in accordance with the

following Report and Recommendation.

## PROCEDURAL BACKGROUND

In December 2019, the plaintiff, Alexis King ("Ms. King"), filed her demand for arbitration with the American Arbitration Association ("AAA") and paid the $300 filing fee. The plaintiff alleged the defendants violated the Florida Minimum Wage Act, Fla. Stat. § 448.110, and Article X, Section 24 of the Florida Constitution. Motion at 2 (DE# 28, 8/7/21).

When the defendants refused to pay the filing fee for the arbitration, Ms. King and five other individual plaintiffs who performed as exotic dancers at the King of Diamonds Gentlemen's Club ("KOD") filed the Plaintiffs' Motion to Compel Arbitration of an Ongoing Employment Dispute (DE# 1, 2/10/21) in this Court. Each of the six plaintiffs signed an identical Arbitration Policy pursuant to their engagement as performers at KOD. See Motion, Ex. 1 Arbitration Policy (DE# 31-1, 8/7/21). KOD is or was owned by the defendant, Fly Low, Inc. ("Fly Low"), which is or was owned by the defendant, Teri Galardi ("Ms. Galardi").

On May 21, 2020, this Court granted the Plaintiffs' Motion to Compel Arbitration of an Ongoing Employment Dispute (DE# 1, 2/10/21) and "directed the parties to proceed with Plaintiffs' six individual AAA arbitrations...." Additionally, the Court administratively closed the case. (DE# 23, 5/21/20).

Thereafter, the plaintiff re-filed her arbitration demand, which was assigned AAA case number: 01-20-0005-4236. On March 9, 2021, Arbitrator, Karen Evans, granted the plaintiff's motion for summary judgment on liability based on offensive collateral estoppel. See Motion, Ex. 2 (DE# 28-2, 8/7/21). On March 13, 2021, the arbitrator held

a trial on damages and entered an Interim Award on June 2, 2021. See Motion, Ex. 3 (DE# 28-3, 8/7/21). On August 6, 2021, the arbitrator issued a Final Award that resolved all claims including reasonable attorneys' fees in the plaintiff's favor. See Motion, Ex. 4 (DE# 28-4, 8/7/21).

On August 7, 2021, the plaintiff filed Plaintiff Alexis King's Expedited Motion to Reopen Case to Confirm Final Arbitral Award and Enter Final Judgment (DE# 28, 8/7/21).

Pursuant to the undersigned's August 9, 2021 Order (DE# 31, 8/9/21), on August 11, 2021, the defendants filed the Defendants' Response to Plaintiff Alexis King's Expedited Motion to Reopen Case to Confirm Arbitral Award and Enter Final Judgment [D.E. 28] ("Response") (DE# 32, 8/11/21).

On August 11, 2021, the plaintiff filed Plaintiff Alexis King's Reply in Support of Her Expedited Motion to Reopen Case to Confirm Final Arbitral Award and Enter Final Judgment (DE# 33, 8/11/21).

The motion is ripe for disposition.

## DISCUSSION

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. (the "FAA") and the parties' arbitration agreement, Arbitration Policy "The Club" (DE# 28-1, 8/7/21), the plaintiff moves this Court to reopen the administratively closed case to confirm the Final Arbitration Award entered on August 6, 2021 on an expedited basis.

I.      Confirmation of an Arbitration Award

"The [FAA] imposes a heavy presumption in favor of confirming arbitration awards." Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1288 (11th Cir. 2002) (citation

omitted); Wubben v. Kirkland, 2011 WL 13290216 (M.D. Fla. 2011). "[T]he court's confirmation of an award is usually routine or summary." Cullen v. Paine, Webber, Jackson, & Curtis, Inc., 863 F.3d 851, 854 (11th Circ. 1989). Section 10(a) of the FAA provides four exclusive grounds to vacate an arbitration award. 9 U.S.C. § 10(a) (1)-(4). Section 11 of the FAA provides the grounds for modification or correction of an arbitration award. 9 U.S.C. § 11. A party seeking to vacate, modify or correct the arbitration award must comply with the three-month statute of limitations in Section 12 of the FAA. 9 U.S.C. § 12.

The plaintiff signed an arbitration agreement during her employment with the defendants. See Motion, Ex. 1 (Arbitration Policy "The Club") (DE# 28-1, 8/7/21). The arbitration agreement was drafted by the defendants and expressly provides that:

> Any "covered claim" that you may have against THE CLUB, its owners, directors, officers, managers, employee or agents (hereinafter, jointly referred to as "THE CLUB" or that THE CLUB may have against you shall be submitted exclusively to and determined exclusively by binding arbitration under the Federal Arbitration Act, 9 U.S.C. § I et seq., regardless of the state in which the arbitration is held or the substantive law applied in the arbitration.

Arbitration Policy ¶ 1 (DE# 28-1, 8/7/21). The parties' Arbitration Policy expressly states that the AAA's Employment Rules and Mediation Procedures ("AAA Rules"). The applicable AAA Rules prescribe that "[t]he arbitrator's award shall be final and binding" and that the parties "shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction." See Rules 39(g) and 41(c) respectively, Ex. 5 (DE# 28-5, 8/7/21). Accordingly, the arbitration award is due to be confirmed. Marine Transit Corp. v. Dreyfus, 352 U.S. 26 (1932); Booth v. Hume Publishing, 902 F.2d 905 (11th Cir. 1990); T&R Enterprises v.

Continental Grain Co., 613 F.2d 1272, 1278-79 (5th Cir. 1980).[1]

Section 9 of the FAA requires federal courts to confirm arbitral awards and provides in pertinent part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, **then at any time within one year after the award is made** any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon **the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title....**

9 U.S.C. § 9 (emphasis added). The Court must confirm the arbitration award when there is no order modifying or vacating the award. See, Cullen v. Paine, Webber, 863 F.2d 851, 854 (11th Cir. 1989) ("'[C]onfirmation can only be denied if an award has been corrected, vacated or modified in accordance with the [FAA].'") (quoting Taylor v. Nelson, 788 F.2d 220, 225 (4th Cir. 1986)); Booth, 902 F.2d at 932. The Eleventh Circuit recognizes that "[b]ecause arbitration is an alternative to litigation, judicial review of arbitration decisions is 'among the narrowest known to the law.'" AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc., 508 F.3d 995, 1001 (11th Cir. 2007) (quoting Del Casal v. E. Airlines, Inc., 634 F.2d 295, 298 (5th Cir. Unit B Jan. 1981)).

In their response, the defendants do not provide any grounds to vacate, modify or correct the Final Award and do not cite any case law to support their request for "the Court to postpone a ruling on Plaintiff's Motion until the [three-month] statutory time for [modifying, correcting or vacating the arbitration award] has run." Response at 2 (DE# 32, 8/11/21). The defendants simply rely on Sections 10 and 12 of the FAA. 9 U.S.C.

---

[1] In Bonner v. City of Prichard, 661 F. 2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

§§ 10, 12.  The defendants explain that they "are still evaluating whether any ground exists upon which to ask this Court to vacate, modify, or correct the Arbitrator's Final Award ...." Response at 1 (DE# 32, 8/11/21). "Section 12 of the FAA is 'statute of limitations' that 'does not prevent a party seeking to confirm from doing so within the three-month period.'" Wubben v. Kirkland, No. 6:08-cv-1105-Orl-22DAB, 2011 WL 13298216 at *6 (M.D. Fla. July 14, 2011)(quoting Kanuth v. Prescott, Ball & Turben, Inc., No. CIV. A. 88-1416, 1990 WL 91579, at *2 (D.D.C. June 19, 1990)).  In Kanuth, the district court found that "'nothing in the text of [Section] 9 or in previous case law ... suggested the interpretation that a court cannot confirm an [arbitration] award prior to the three-month period.'" Id. "In fact, the scant case law on the topic led the court to conclude that it could confirm the award within the three-month period." Id.  In Kanuth, the district court provided the defendant a "reasonable time to respond to plaintiff's motion to confirm or to move to vacate or modify" the arbitration award because the defendant had not provided any grounds under Sections 10 or 11 of the FAA.  Id.

In Wubben, the defendants argued that the court should wait three months before it confirmed the plaintiff's final arbitration award.  Relying on Section 12 of the FAA and the rationale of Kanuth, the Wubben court disagreed and found that "'there is nothing' in [Section 12] 'to suggest that the winning party must refrain during' the three month period 'from exercising the privilege conferred by [S]ection 9.'" Wubben, 2011 WL 13298216 at *7 (quoting The Hartbridge, 57 F.2d 672, 673 (2d Cir. 1932)).  The undersigned agrees.  Section 9 of the FAA expressly states that a party may seek confirmation of an arbitration award "at any time within one year after the award is made..." 9 U.S.C. § 9.

As in Wubben, the undersigned concludes that "[a]bsent an argument that the arbitration proceedings or Award violated either [Sections] 10 or 11 [of the FAA], or that there is a reason why the Defendants are unable to raise objections at the present time, the Defendants have failed to present grounds for denying the Plaintiff's Motion to Confirm." Id.; Brown v. ITT Consumer Fin Corp., 211 F.3d 1217, 1223 (11th Cir. 2000) (The "burden of asserting sufficient grounds to vacate the award" is on the party opposing the arbitration award.). The undersigned finds that the defendants have not met their burden to prevent this Court from confirming the plaintiff's Final Award at this time.

## CONCLUSION

Because the defendants have failed to provide any ground to vacate or modify the award under Sections 10 or 11 of the FAA and have failed to cite any case law to support their argument that the Court should not confirm the award until the three month period in Section 12 expires, the undersigned recommends that this Court grant the plaintiff's motion and confirm the Final Award.

## RECOMMENDATION

Based on the foregoing, the undersigned hereby **RESPECTFULLY RECOMMENDS** that Plaintiff Alexis King's Expedited Motion to Reopen Case to Confirm Final Arbitral Award and Enter Final Judgment (DE# 28, 8/7/21) **be GRANTED** and the Final Arbitration Award entered August 6, 2021 **be CONFIRMED** and a final judgment be entered**.**

The parties will have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the

Honorable Marcia Cooke, United States District Court Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C § 636(b)(1); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1191-1192 (11th Cir. 2020); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

     RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 19th day of August, 2021.

JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE