# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| Lakeisha Fenner : | | |
| : | | |
| Plaintiff, : | | Civil Action File No. |
| : | | |
| v. : | | 20-cv-20592-UU |
| : | | |
| TERI GALARDI, : | | |
| : | | |
| Defendant. : | | |
| _____ : | | |

### PLAINTIFFS LAKEISHA FENNER'S EXPEDITED MOTION TO CONFIRM ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT

COME NOW Plaintiff LAKEISHA FENNER and, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, et seq., hereby apply and petition this Court to confirm the Final Arbitration Award issued by Arbitrator Mimi Turin in Miami, Florida on October 18, 2021, which is attached hereto as Exhibit "A" and to enter judgment in accordance therewith in favor of Plaintiff and against Defendant. Plaintiff further request, pursuant to 9 U.S.C. §13, that the Court enter Final Judgment in her favor on an **expedited** basis so that collection proceeding may commence *instanter*. The grounds supporting this motion are set forth below.

## I. Introduction and Procedural Posture.

1.

Lakeisha Fenner is a citizen of the State of Florida who is entitled to invoke the jurisdiction of this Court.

2.

TERI GALARDI is a citizen of the State of Georgia who resides at 2146 HIGHWAY 42 SA. FLOVILLA, GA 30216-2318 where she may be served with process.

3.

This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum of $75,000 and because there is complete diversity of citizenship among the parties.

4.

This Court is an appropriate venue for this civil action pursuant to 28 U.S.C. § 1391(a)(2) and 9 U.S.C. § 9.

5.

The Plaintiff was a previous dancer/employee of Defendant Teri Galardi and Mutepe Akemon of The Richards Law Group LLC, who represented Plaintiff as legal counsel in an arbitration conducted by the American Arbitration Association

("AAA"). AAA assigned Arbitrator Mattox Turin to oversee the arbitration between the parties in AAA Case No: 01-20-0005-4876.

6.

Prior to the commencement of the above-referenced arbitration, the Defendant required the Plaintiff to sign an arbitration agreement as a condition of employment which is attached hereto as Exhibit "B." The arbitration agreement included a provision requiring disputes to be resolved by arbitration, stated that the parties agreed to use AAA, and that the arbitration "shall be administered by the employment arbitration portion of the AAA's employment arbitration rules and mediation procedures."

7.

In 2020, the Plaintiff initiated arbitration proceedings against Defendant Teri Galardi wherein the Plaintiff asserted claims for violations of the Florida Minimum Wage Act ("FMWA") and Article X section 24 of the Florida Constitution ("Article X") seeking back wages, reimbursement of illegal kickbacks, liquidated damages and attorney's fees.

8.

Defendant was notified of, and participated in, the arbitration proceedings that included written discovery, exchange of documents, depositions and motions practice.

9.

An arbitration hearing was conducted by Arbitrator Turin and was held on June 28, 2021. All of the parties were in attendance or represented by counsel on the hearing date.

10.

On September 2, 2021, Arbitrator Turin entered a Final Arbitration Award finding in favor of the Plaintiff and against Defendant. A true and correct copy of this Interim Arbitration Award is attached hereto as Exhibit "C" and incorporated herein by reference.

11.

The Final Arbitration Award awarded damages to Plaintiff Lakeisha Fenner in the amount of $ 458,739.84. The Plaintiff was also awarded $27,120.00 in attorney's fees and $1,340.00 in costs.

12.

Including attorney's fees and costs, the total amount awarded to the Plaintiff was $487,199.84.

13.

The Final Arbitration Award is final and binding and should be confirmed and made a judgment of this Court pursuant to the Federal Arbitration Act ("FAA") including 9 U.S.C. § 9.

14.

Since Arbitrator Turin issued her interim award, which required the Defendant to pay the award within thirty (30) days, the Plaintiff has made numerous demands for payment of the sums awarded. To date, there has been no response to those demands apart from one of Defendant's Counsel stating that he has been unable to discuss the matter with his client. As a consequence – regrettably – Plaintiff Fenner have no choice but to seek this Court's intervention for the purpose of confirming the arbitral awards, entering final judgment, and assessing post judgment interest.

II. **Argument and Citations of Authority**

    **A. The Parties' Arbitration Agreement and 9 U.S.C. § 9 Authorize the Court to Confirm the Arbitration Award and Enter Final Judgment.**

15.

Section 9 of the FAA requires Federal Courts to confirm arbitral awards. It provides in pertinent part as follows:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration....then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title...

16.

Thus, where a court is empowered to order a case to arbitration, it is also vested with the authority to confirm the award and enter judgment accordingly.

*Marine Transit Corporation v. Dreyfus*, 284 U.S. 263 52 S. Ct. 166, 170 (1932); *Booth v. Hume Publishing*, 902 F.2d 905 (11th Cir. 1990); *T&R Enterprises v. Continental Grain Co*, 613 F.2d 1272, 1278-79 (5th Cir. 1980).

17.

Because the parties' arbitration agreement specifies that the arbitration was to be governed by the American Arbitration Employment Rules and Mediation Procedures, including Rule 39(g)'s specification that "[t]he arbitrator's award shall be final and binding," and Rule 41(c)'s provision that the parties "shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction," the Awards are due to be confirmed. *Booth v. Hume, supra*; *T&R Enterprises, supra*. See also, *Idea Nova v. GM Licensing*, 617 F.3d 177 (2nd Cir. 2010) (holding that incorporation of AAA rules was equivalent of consenting to judicial confirmation).

### B. Confirmation is Mandatory.

18.

Judicial confirmation of an arbitration award is required in the absence of an Order modifying or vacating the award. The Court lacks discretion to take any action other than confirmation absent such a ruling. *See*, *Cullen v. Paine, Webber,* 863 F.3d 851, 854 (11th Cir. 1989)("confirmation can only be denied if an award has

been corrected, vacated or modified in accordance with the Federal Arbitration Act."); *Booth v Hume, supra*, 902 F.2d at 932.

19.

In this case, there is no conceivable basis upon which the Court might grant a motion to correct, vacate, or modify the Arbitral award on the merits. This fact precludes the Court from correcting, vacating, or modifying the award. And, as to the fee award, there can be no legitimate contention that the Arbitrator's findings violate any of the grounds listed in 9 U.S.C. §10.

### C. Confirmation is a Summary Proceeding.

20.

The law is clearly established that judicial confirmation of arbitral awards is in the nature of a summary proceeding. *Cullen v. Paine, Webber, supra*, 863 F.3d at 854 ("A confirmation proceeding under 9 U.S.C. §9 is intended to be summary...."). As noted in *Booth*, "[t]he District Court need not conduct a full hearing on a motion to...confirm; such motion may be decided on the papers without oral testimony." In short, there is nothing to debate: Plaintiff Fenner is entitled to the benefit of the arbitral award they have secured.

### D. The Court Should Assess Post Judgment Interest.

21.

28 U.S.C. §1961 provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court...." This provision for post judgment interest applies to the arbitral awards confirmed by the district court. *Parsons & Whittemore Ala. Mach. & Servs. Corp. v. Yeargin Constr. Co.,* 744 F.2d 1482 (11th Cir.1984) ("Although a district court enforcing an arbitration award does not engage in a de novo review of the award, and it may reverse or modify the award only on specified grounds, once the court enters its judgment, it has the same effect as any other judgment recovered following a civil trial.  We therefore conclude that a district court judgment affirming an arbitration award is governed by statutory post-judgment interest rates.").

### III.   CONCLUSION

22.

For the foregoing reasons, it is respectfully requested that the Court confirm the arbitral award and enter judgment against the Defendant in the following amounts:

1) Damages: $ 458,739.84

2) Attorney's Fees/Costs: $27,120.00 in attorney's fees + $1,340.00 in costs=$28,460.00

**TOTAL = $487,199.84.**

The Court should also specify in the judgment that it is to accrue post judgment interest.

WHEREFORE, Plaintiff pray that this Court:

a)  Confirm the Final Arbitration Award;

b)  Enter final judgment in favor of Plaintiff Lakeisha Fenner in the amount of **$487,199.84.** against the Defendant, plus post-judgment interest as provided by law;

This 18th day of October, 2021.

 /s/ **Astrid E. Gabbe, Esq.**
**FL Bar #635383**
**The Law Office of Astrid E. Gabbe, P.A.**
**P.O. Box 4216 Hollywood, FL, 33083**
**954-303-9882**
**Email: astridgabbe@gmail.com**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 18, 2021, I electronically filed the foregoing document with the Clerk of the Court using the NextGen CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record on the Service List via transmission of Notices of Electronic Filing generated by the NextGen CM/ECF system.

  /s/ Astrid E. Gabbe, Esq.
FL Bar #635383
The Law Office of Astrid E. Gabbe, P.A.
P.O. Box 4216 Hollywood, FL, 33083
954-303-9882
Email: astridgabbe@gmail.com
