UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO . 20-CV-20592-COOKE/O'SULLIVAN

PORSCHE DARDEN,
ELLIDRIA GRIFFIN, and
ALEXIS KING, *et al.,*

      Plaintiffs,
vs.

FLY LOW, INC., and
TERI GALARDI,

      Defendants.
                                      /

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiffs [sic] Lygia Simmons' Expedited Motion to Confirm Final Arbitral Award and Enter Final Judgment (DE# 46, 10/7/21); Plaintiffs Elldria Griffen and Marquisha Holmes Expedited Motion to Confirm Final Arbitral Award and Enter Final Judgment (DE# 47, 10/7/21); and Plaintiffs [sic] Lakeisha Fenner's Expedited Motion to Confirm Final Arbitral Award and Enter Final Judgment (DE# 59, 10/18/21). This matter was referred to Chief United States Magistrate Judge John J. O'Sullivan by the Honorable Marcia Cooke, United States District Court Judge for the Southern District of Florida, pursuant to 28 U.S.C. § 636(b). Paperless Order referring motions (DE# 29, 8/8/21); and Endorsed Order Referring Motions 46 and 47 (DE# 51, 10/8/21). At the status hearing on November 1, 2021, the defendants' counsel advised that the defendants did not object to the plaintiffs' respective motions to confirm final arbitral award and proposed final judgments and thus, did not file responses to the subject expedited motions to confirm final arbitral award and enter final judgment. (DE#

46, 47 and 59).  The subject motions are ripe for disposition. Having reviewed the applicable filings and law, and having heard from counsel for the parties, the undersigned respectfully recommends that Plaintiffs [sic] Lygia Simmons' Expedited Motion to Confirm Final Arbitral Award and Enter Final Judgment (DE# 46, 10/7/21); Plaintiffs Elldria Griffen and Marquisha Holmes Expedited Motion to Confirm Final Arbitral Award and Enter Final Judgment (DE# 47, 10/7/21); and Plaintiffs [sic] Lakeisha Fenner's Expedited Motion to Confirm Final Arbitral Award and Enter Final Judgment (DE# 59, 10/18/21) be **GRANTED** in accordance with the following Report and Recommendation.

## PROCEDURAL BACKGROUND

In or around August 2019, the plaintiffs filed their demand for arbitration with the American Arbitration Association ("AAA") and paid the filing fee. The plaintiffs alleged the defendants violated the Florida Minimum Wage Act, Fla. Stat. § 448.110, and Article X, Section 24 of the Florida Constitution. Motion at 2 (DE# 28, 8/7/21).

When the defendants refused to pay the filing fee for the arbitration, the six individual plaintiffs, including Lygia Simmons, Elldria Griffen, Marquisha Holmes and Lakeisha Fenner's, who performed as exotic dancers at the King of Diamonds Gentlemen's Club ("KOD"), filed the Plaintiffs' Motion to Compel Arbitration of an Ongoing Employment Dispute (DE# 1, 2/10/21).  Each of the six plaintiffs signed an identical Arbitration Policy pursuant to their engagement as performers at KOD. See Motion, Ex. 2 through 7 Arbitration Policy (DE# 1-2 through 1-7, 2/10/21). KOD is or was owned by the defendant, Fly Low, Inc. ("Fly Low"), which is or was owned by the defendant, Teri Galardi ("Ms. Galardi").

On May 21, 2020, this Court granted the Plaintiffs' Motion to Compel Arbitration of an Ongoing Employment Dispute (DE# 1, 2/10/21) and "directed the parties to proceed with Plaintiffs' six individual AAA arbitrations...." Additionally, the Court administratively closed the case. (DE# 23, 5/21/20).

Thereafter, the plaintiffs re-filed their arbitration demands, which were assigned AAA case numbers: 01-20-0005-4876 (Simmons); 01-20-0005-4874 (Griffin and Holmes); and 01-20-0005-4886 (Fenner). On June 8, 2021, Arbitrator, Mattox S. Hair, issued a Final Award that resolved all claims including reasonable attorneys' fees in the plaintiff's favor. See Simmons' Motion, Ex. 1 (DE# 46-1, 10/7/21). On July 21, 2021, Arbitrator, John M. Barkett, issued a Final Award that resolved all claims including reasonable attorneys' fees in favor of the plaintiffs, Griffin and Holmes. Griffin and Holmes' Motion, Ex. 1 (DE# 47-1, 10/7/21). On October 18, 2021, Arbitrator, Mimi V. Turin, issued a Final Award that resolved all claims including reasonable attorneys' fees in plaintiff Fenner's favor. Fenner's Motion, Ex. 1 (DE# 59-1, 10/18/21).

On October 7, 2021, Plaintiffs [sic] Lygia Simmons' Expedited Motion to Confirm Final Arbitral Award and Enter Final Judgment (DE# 46, 10/7/21) was filed.

On October 7, 2021, Plaintiffs Elldria Griffen and Marquisha Holmes Expedited Motion to Confirm Final Arbitral Award and Enter Final Judgment (DE# 47, 10/7/21) was filed.

On October 18. 2021, Plaintiffs [sic] Lakeisha Fenner's Expedited Motion to Confirm Final Arbitral Award and Enter Final Judgment (DE# 59, 10/18/21) was filed.

During the status conference held before the undersigned on November 1, 2021, counsel for the defendants advised that the defendants do not object to the plaintiffs'

respective motions and thus, did not file responses to the subject motions.

The motions are ripe for disposition.

## DISCUSSION

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. (the "FAA") and the parties' arbitration agreement, Arbitration Policy "The Club" (DE# 28-1, 8/7/21), the plaintiffs move this Court to confirm the Final Awards in their favor and enter final judgment.

I.   Confirmation of an Arbitration Award

"The [FAA] imposes a heavy presumption in favor of confirming arbitration awards." Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1288 (11th Cir. 2002) (citation omitted); Wubben v. Kirkland, 2011 WL 13290216 (M.D. Fla. 2011). "[T]he court's confirmation of an award is usually routine or summary." Cullen v. Paine, Webber, Jackson, & Curtis, Inc., 863 F.3d 851, 854 (11th Circ. 1989). Section 10(a) of the FAA provides four exclusive grounds to vacate an arbitration award. 9 U.S.C. § 10(a) (1)-(4). Section 11 of the FAA provides the grounds for modification or correction of an arbitration award. 9 U.S.C. § 11.  A party seeking to vacate, modify or correct the arbitration award must comply with the three-month statute of limitations in Section 12 of the FAA. 9 U.S.C. § 12.

The plaintiffs signed an arbitration agreement during their employment with the defendants.  See, e.g., Plaintiffs' Motion, Ex. 2 through 7 (Arbitration Policy "The Club") (DE# 1-2 through 1-7, 2/10/21). The arbitration agreement was drafted by the defendants and expressly provides that:

> Any "covered claim" that you may have against THE CLUB, its owners, directors, officers, managers, employee or agents (hereinafter, jointly

4

> referred to as "THE CLUB" or that THE CLUB may have against you shall be submitted exclusively to and determined exclusively by binding arbitration under the Federal Arbitration Act, 9 U.S.C. § I et seq., regardless of the state in which the arbitration is held or the substantive law applied in the arbitration.

Arbitration Policy ¶ 1. The parties' Arbitration Policy expressly states that the AAA's Employment Rules and Mediation Procedures ("AAA Rules").  The applicable AAA Rules prescribe that "[t]he arbitrator's award shall be final and binding" and that the parties "shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction." See Rules 39(g) and 41(c) respectively.  Accordingly, the arbitration award is due to be confirmed. Marine Transit Corp. v. Dreyfus, 352 U.S. 26 (1932); Booth v. Hume Publishing, 902 F.2d 905 (11th Cir. 1990); T&R Enterprises v. Continental Grain Co., 613 F.2d 1272, 1278-79 (5th Cir. 1980).[1]

Section 9 of the FAA requires federal courts to confirm arbitral awards and provides in pertinent part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, **then at any time within one year after the award is made** any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon **the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title....**

9 U.S.C. § 9 (emphasis added). The Court must confirm the arbitration award when there is no order modifying or vacating the award. See, Cullen v. Paine, Webber, 863 F.2d 851, 854 (11th Cir. 1989) ("'[C]onfirmation can only be denied if an award has been

---

[1] In Bonner v. City of Prichard, 661 F. 2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

corrected, vacated or modified in accordance with the [FAA].'") (quoting Taylor v. Nelson, 788 F.2d 220, 225 (4th Cir. 1986)); Booth, 902 F.2d at 932. The Eleventh Circuit recognizes that "[b]ecause arbitration is an alternative to litigation, judicial review of arbitration decisions is 'among the narrowest known to the law.'" AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc., 508 F.3d 995, 1001 (11th Cir. 2007) (quoting Del Casal v. E. Airlines, Inc., 634 F.2d 295, 298 (5th Cir. Unit B Jan. 1981)).

The defendants did not file any response and do not object to the plaintiffs' respective motions to confirm the arbitration awards and enter final judgment.

## CONCLUSION

The undersigned finds that the plaintiffs' motions are well reasoned and the defendants have raised no objections to confirmation of the arbitration awards and entry of final judgment. Accordingly, the undersigned recommends that this Court grant the plaintiffs' motions and confirm the Final Award and enter final judgments in favor of the plaintiffs..

## RECOMMENDATION

Based on the foregoing, the undersigned hereby **RESPECTFULLY RECOMMENDS** that Plaintiffs [sic] Lygia Simmons' Expedited Motion to Confirm Final Arbitral Award and Enter Final Judgment (DE# 46, 10/7/21); Plaintiffs Elldria Griffen and Marquisha Holmes Expedited Motion to Confirm Final Arbitral Award and Enter Final Judgment (DE# 47, 10/7/21); and Plaintiffs [sic] Lakeisha Fenner's Expedited Motion to Confirm Final Arbitral Award and Enter Final Judgment (DE# 59, 10/18/21) **be GRANTED** and the Final Awards in favor of the plaintiffs **be CONFIRMED** and final judgments be entered**.**

The parties will have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Marcia Cooke, United States District Court Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C § 636(b)(1); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1191-1192 (11th Cir. 2020); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this  3rd  day of November, 2021.

JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE