UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 20-cv-20592-COOKE/O'SULLIVAN

PORSCHE DARDEN, *et al.*,

    Plaintiffs,

vs.

FLY LOW, INC. AND TERI GALARDI,

    Defendants.

_____/

## JUDGMENT CREDITOR ALEXIS KING'S MOTION TO EXECUTE AND TO ORDER THE LEVY AND SALE OF ASSETS OWNED BY JUDGMENT DEBTOR, TERI GALARDI

Judgment Creditor, Alexis King ("King"), by and through its undersigned counsel, hereby moves this Honorable Court to Order the levy and sale of the intangible assets identified below owned by Judgment Debtor Teri Galardi ("GALARDI" or the "Debtor"), with the proceeds thereof to be applied towards the satisfaction of the final Judgment entered against the Debtor and as grounds thereof allege the following:

### I. BACKGROUND

On September 20th, 2021, the United States District Court, Southern District of Florida, entered a Final Judgment in favor of KING and against GALARDI in the amount of $468,446.62 (the "Judgment") [ECF 37]. A writ of

-1-

execution was issued by the Clerk of the Court on September 21, 2021 [ECF 38]. On September 29, 2021 this Court GRANTED Plaintiff's motion for proceedings supplementary in aid of execution [ECF 43]. A blanket judgment lien on all personal property owned by GALARDI, including the assets identified below, was obtained by filing a Judgment Lien Certificate with the Florida Secretary of State on October 26, 2021 and assigned file number J21000543052. No payment has been made as of the filing of this motion. The full balance including attorney fees, costs and interest continue to accrue.

## II. ARGUMENT AND CITATION TO AUTHORITY

Florida Statute §56.29 grants this Court with broad powers to marshal the assets of a debtor in order to ensure payment to its creditors. Specifically, §56.29(9) provides that "[**T]he court may enter any orders required to carry out the purpose of this section to subject property or property rights of any defendant to execution.**" Moreover, a federal statute expressly addresses who can execute the KING federal writ of execution. Specifically, 28 U.S.C. § 566 provides that "[e]xcept as otherwise provided by law or Rule of Procedure, the United States Marshals Service shall execute all lawful writs, process, and orders issued under the authority of the United States . . . ." 28 U.S.C. § 566(c).

KING has identified the following certain intangible assets in Florida (collectively "Assets") that are subject to being levied on and sold by the U.S. Marshals Service:

- **a.** *Milner, et al. v. Galardi* case No. 20-23230 District Court of the Southern District of Florida currently pending before the Honorable Judge Aileen Cannon;
- **b.** shares in Fly Low, Inc. *dba* the King of Diamonds;
- **c.** King of Diamonds trademark (U.S. patent # 4135316);
- **d.** 100% member interest in Galardi Eagle Lakes, LLC.;
- **e.** default judgment against Elliot Kunstlinger in the amount of $5,053,112.17 in case styled *AK N Eli LLC. v. Fly Low, Inc. et al.* case# 2014-027100-CA-01 (Miami-Date State Court).

F.S. Section 56.29(5) provides: "[T]he judge may order any property of the judgment debtor, not exempt from execution, in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt." A chose in action belonging to the judgment debtor has generally been considered a property right reachable by a judgment creditor in proceedings supplementary. *See Myd Marine Distributor, Inc. v. International Paint Ltd.*, 201 So. 3d 843 (Fla 4th DCA 2016); *Puzzo v. Ray*, 386 So.2d 49, 49 (Fla. 4th DCA 1980); *Gen. Guar. Ins. Co. of Fla. v. Dacosta*, 190 So.2d 211, 213-14 (Fla. 3d DCA 1966).

A judgment also constitutes a cause of action or chose in action. *Crane v. Nuta*, 157 Fla. 613 (Fla 1946). Seizure of rights in a pending lawsuit (also known as a "chose in action") is among the relief afforded to a judgment creditor pursuant to Fla. Stat. §56.29. *See Puzzo v. Ray*, 386 So. 2d 49, 50 (Fla. 4th DCA 1980) ("Black's Law Dictionary (rev. 4th Ed. 1968) defines a 'chose in action' as: A personal right not reduced into possession, but recoverable by a suit at law ... A right to receive or recover a debt, demand, or damages on a cause of action *ex contractu* or for a tort or omission of a duty."). *See also Craft v. Craft*, 757 So.2d 571, 572 (Fla. 4th DCA 2000) ("Ordinarily, a judgment debtor's choses in action may be reached by supplementary proceedings."); *Dacosta*, at 213-14 (Fla. 3d DCA 1966) ("[It has been held that supplementary proceedings are ordinarily available to reach choses in action.").

### III.   CONCLUSION

As noted above, there is a federal statute stating that the U.S. Marshals Service "shall execute all lawful writs," and thus, that federal statute governs here. See 28 U.S.C. § 566(c). Accordingly, the Assets are subject to immediate seizure and levy by the U.S. Marshals Service to satisfy the King writ of execution.

**WHEREFORE**, it is respectfully requested that this Honorable Court enter an Order substantially as follows:

a. Order GALARDI to cooperate with the U.S. Marshals Service, to the extent necessary for levy purposes, and surrender and relinquish all shares, records, documents, books and other items to the U.S. Marshals Service required to levy on the Assets;

b. direct the Clerk of the Court to issue a writ of execution for each of the individual Assets;

c. direct the U.S. Marshals Service to levy on and sell at one auction the Assets to the highest bidder for cash and the proceeds applied to satisfy the KING judgment;

d. allow KING to credit bid up the entire amount of the debt due as of the date the auction is held;

e. for such other and further relief as the Court deems just or necessary under the circumstances.

Respectfully submitted this 17th day of November, 2021.

/s/Astrid E. Gabbe, Esq.
FL Bar #635383
The Law Office of Astrid E. Gabbe, P.A.
P.O. Box 4216
Hollywood, FL 33083
954-303-9882
Email: astridgabbe@gmail.com

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(B), I hereby certify that counsel for the movant has made reasonable efforts to confer with all parties and non-parties who may be affected by the relief sought in the motion but has been unable to do so. The reasonable efforts made were specifically as follows:

**Counsel contacted Mr. Fuchs on November 16 and 17, 2021 to obtain his consent or objection and no response was received at the time of the filing of this motion.**

Date:  November 17, 2021.

                                        /s/Astrid E. Gabbe, Esq.
                                        FL Bar #635383

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 17, 2021, I electronically filed the foregoing:

**JUDGMENT CREDITOR ALEXIS KING'S MOTION TO EXECUTE AND TO ORDER THE LEVY AND SALE OF ASSETS OWNED BY JUDGMENT DEBTOR, TERI GALARDI**

with the Clerk of the Court using the NextGen CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record on the Service List via transmission of Notices of Electronic Filing generated by the NextGen CM/ECF system.

                                    /s/ Astrid E. Gabbe, Esq.
                                    FL Bar #635383
                                    The Law Office of Astrid E. Gabbe, P.A.
                                    P.O. Box 4216
                                    Hollywood, FL, 33083
                                    954-303-9882
                                    Email: astridgabbe@gmail.com