UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-20592-COOKE/O'SULLIVAN

PORSCHE DARDEN, *et al.,*

    Plaintiffs,

v.

FLY LOW, INC., *et al.*

    Defendants.

**DEFENDANT TERI GALARDI'S MEMORANDUM REGARDING SERVICE OF THE COURT'S NOTICE TO APPEAR TO IMPLEADED PARTIES [D.E. 44 & 45]**

COMES NOW SPECIALLY APPEARING Defendant TERI GALARDI and, pursuant to the Court's November 29, 2021 Order Setting Status Conference and Setting Briefing Schedules [D.E. 75], files this Memorandum on the issue of whether the impleaded parties – Michael Porter and Kelly Galardi (as Trustee of the Jackson Galardi Trust U/A/D April 2, 2015 and as Trustee of the Grace Gigi Galardi Trust U/A/D April 2, 2015) -- have been properly served with the Court's approved "Notice to Appear." [D.E. 44 & 45].

**PROCEDURAL BACKGROUND**

On September 29, 2021, the Court issued an Order [D.E. 43] granting Plaintiff's Motion for Proceedings Supplementary, impleading Kelly Galardi as Trustee and Michael Porter. the Order required Plaintiff to serve her Motion, the Order and Notice to Appear upon the impleaded parties. In the Order, the Court reminded Plaintiff that "[t]o assure due process, Ms. King must effectuate proper service of process upon Ms. [Kelly] Galardi and Mr. Porter in accordance with Rule 4 of the Federal Rules of Civil Procedure." [D.E. 43, Par. 3]. Contemporaneously with its Order, the Court issued two Notices to Appear, to Kelly Galardi (in her capacity as Trustee) and

1

to Michael Porter, respectively.  [D.E. 44 & 45] (hereafter, the "Notices").  The Notices required the impleaded parties to serve an affidavit within seven (7) business days after the date of service stating that the Property (15820 SW 53rd Ct. Southwest Ranches, FL) belongs to them and include any fact or legal defense opposing the application of the Property towards the satisfaction of Plaintiff's judgment against Teri Galardi.

## ARGUMENT AND CITATION OF AUTHORITY

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when the defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990); *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments*, 553 F.3d 1351, 1360 (11th Cir. 2008).  In the absence of service of process, or waiver of service by the defendant, a court ordinarily cannot exercise power over a party. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51 (1999); *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

### Kelly Galardi Has Not Been Properly Served with the Notice to Appear.

At the November 29, 2021 Status Conference, Plaintiff's counsel represented that Kelly Galardi had been served with a Notice to Appear.  Plaintiff's counsel also filed a Declaration regarding her alleged service of the Notice to Appear upon Kelly Galardi. [D.E. 58].  Therein, Ms. Gabbe claims Kelly Galardi was served pursuant to Fla. Stat. § 736.02025 with "a copy of ECF 41 (King Motion to Commence Proceeding Supplement), ECF 43 (King Order), ECF 44 (Kelly Galardi Notice to Appear) on October 5, 2021." [D.E. 58, Par. 5].  Ms. Gabbe attached as Exhibit "A" to her Declaration what she describes as a "UPS signature verification," but what is actually titled "Proof of Delivery." [D.E. 58-1].

Fla. Stat. § 736.02025 authorizes service of process upon a person by mail requiring a signed receipt, stating that service under this subsection:

> shall be complete upon signing of a receipt by the addressee or by any person authorized to receive service of a summons on behalf of the addressee as provided in chapter 48. Proof of service shall be by verified statement of the person serving the summons, to which must be attached the signed receipt or other evidence satisfactory to the court that delivery was made to the addressee or other authorized person.

Fl. Stat. Section 736.02025(2).

Although Ms. Gabbe claims Kelly Galardi was served consistent with Fl. Stat. Section 736.02025(2), Plaintiff has presented no such evidence. Kelly Galardi does not reside at the Property. She resides in Georgia. Plaintiff has not presented the Court with a signed receipt by Kelly Galardi, or by any person authorized to receive service of civil process on her behalf. Nothing filed by Plaintiff reveals that (a) Kelly Galardi resides at the Property; (b) to whom the Notice of Appear (or other documents) was delivered; (c) whether any such person was authorized to receive process on Kelly Galardi's behalf.

To effectuate service of process of process, Fed.R.Civ.P. 4 requires:

(e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
(2) doing any of the following:
(A) delivering a copy of the summons and of the complaint to the individual personally;
(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Kelly Galardi may also be served under Georgia law which, absent a formal waiver of service, requires civil process be served personally by (1) the sheriff of the county where the

action is brought or where the defendant is found or by such sheriff's deputy; (2) the marshal or sheriff of the court or by such official's deputy; (3) any citizen of the United States specially appointed by the court for that purpose; (4) a person who is not a party and is not younger than 18 years of age and has been appointed as a permanent process server by the court in which the action is brought; or (c) by a certified process server provided that the sheriff of the county for which process is to be served allows such servers to serve process in such county.  O.C.G.A. § 9-11-4(c).  Georgia law requires that service of process be made upon the defendant personally, or by leaving copies at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. O.C.G.A. § 9-11-4(e)(7).  No such proof of service has been filed with the Court.

A UPS delivery to a location where the person to be served does not reside is not a proper method of service under Georgia or federal law.  *Taylor v. Bailey*, No. 1:06-CV-1729-TWT, 2006, WL 3191185, at *1 (N.D. Ga. Oct. 30, 2006).  The term "delivering" in Fed.R.Civ.P. 4(h) refers to personal service, not by mail.  *Johnson v. Wells Fargo & Company*, No. 1:20-CV-2074-TWT, 2020 WL 10054621, at *5 (N.D. Ga, Sept. 25, 2020), citing *Dyer v. Wal-Mart Stores, Inc.*, 318 Fed. App'x 843, 844 (11th Cir. 2009).  Georgia law has no provision for service by mail. *Madden v. Cleland*, 105 F.R.D. 520, 523 (N.D. Ga. 1985).

Defendant Teri Galardi does not doubt that Plaintiff's counsel may have sent by UPS an envelope or package containing various items addressed to Kelly Galardi at the Property's address in Broward County, Florida.  However, without more, sending a UPS package or envelope to an address at which Kelly Galardi does not reside does not constitute proper service of process upon her.  Even assuming Fl. Stat. Section 736.02025(2) is the appropriate statute

governing service of process upon a non-resident, Ms. Gabbe's Declaration falls far short of complying with its requirements because Ms. Gabbe has not attached a "signed receipt" or other evidence … that delivery was made to the addressee [Kelly Galardi] or other authorized person. Based upon Ms. Gabbe's Declaration, we do not know upon whom the UPS package was delivered at the Property, whether that individual was a minor or an adult, or whether said person was authorized by Kelly Galardi to accept service of process on her behalf. Stated simply, Ms. Gabbe's Declaration that Kelly Galardi "has been served" under Florida law is not only an inaccurate and conclusory statement, it falls short of constituting proof of proper service of process upon non-resident Kelly Galardi.

### A. **Michael Porter Has Not Been Properly Served with the Notice to Appear.**

Plaintiff has likewise not properly served Michael Porter with a Notice to Appear. Michael Porter, like Kelly Galardi and Teri Galardi, resides in Georgia. As stated above, service upon him must be made pursuant to Fed.R.Civ.P. 4. According to her Declaration [D.E. 73], Ms. Gabbe states Mr. Porter was "served" with the pertinent documents "by U.S. Postal Service certified mail, return, signed, receipt requested" at an address in Flovilla, Georgia. [D.E. 73, Par. 6]. Attached as Exhibit A to her Declaration is what appears to be a web-based, USPS tracking document which does not reflect anything having been delivered to Mr. Porter. [D.E. 73-1]. What [D.E. 73-1] does reflect is that on October 30, 2021, "Notice [was] Left (No Authorized Recipient Available)." The document does *not* reflect Mr. Porter (or anyone residing at the Flovilla, Georgia address for that matter) personally signed for receipt of any USPS delivery from Ms. Gabbe.[1] Ms. Gabbe's Declaration does not reflect any effort or attempt on her part to have Mr. Porter served personally, or that he has waived personal service of process. As with

---

[1] Fed.R.Civ.P. 4(i)(2) requires the addressee or his agent to sign the return receipt, which did not occur here.

Plaintiff's efforts to serve Kelly Galardi by UPS, this does not constitute proper service of process upon Mr. Porter.

For all of the above-reasons, Teri Galardi requests the Court enter an order reflecting that the impleaded parties, Kelly Galardi, as Trustee and Michael Porter, both Georgia residents, have not been properly served with the Notice to Appear consistent with law and the requirements of due process.

Dated: December 13, 2021, in Atlanta, Georgia.

Respectfully submitted,

*/s/ Dean R. Fuchs*
DEAN R. FUCHS
Florida Bar No. 38997

SCHULTEN WARD TURNER & WEISS, LLP
260 Peachtree Street, NW, Suite 2700
Atlanta, GA 30303
Telephone: (404) 688-6800
E-mail: d.fuchs@swtwlaw.com          Counsel for Teri Galardi

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served by CM/ECF on this 13th day of December, 2021 on all counsel of record on the Service List below.

*/s/ Dean R. Fuchs*
DEAN R. FUCHS

## SERVICE LIST

Astrid E. Gabbe
The Law Office of Astrid E. Gabbe, P.A.
P.O. Box 4216
Hollywood, FL 33083
(954) 303-9882 telephone
astridgabbe@gmail.com

6