**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 20-cv-20592-COOKE/O'SULLIVAN**

PORSCHE DARDEN, *et al.*,

    Plaintiffs,

vs.

FLY LOW, INC. AND TERI GALARDI,

    Defendants.

_____/

**JUDGMENT CREDITOR ALEXIS KING'S**
**REPLY BRIEF IN SUPPORT OF HER MOTION TO LEVY ON**
**½ ASSET OWNED BY JUDGMENT DEBTOR, TERI GALARDI [ECF 43]**

Judgment Creditor, Alexis King ("King"), by and through the undersigned counsel, hereby files this reply brief in support of her motion to cause the U.S. Marshal to levy on ½ interest in real property located at 15820 Sw 53rd Ct., Southwest Ranches, FL, 33331 ("Property") owned by Judgment Debtor Teri Galardi ("GALARDI" or the "Debtor") and fraudulently conveyed to Kelly Galardi, as trustee ("Trustee"), with the proceeds thereof to be applied towards the satisfaction of the final Judgment entered against the Debtor [ECF 37] and as grounds thereof states the following:

## I.    ARGUMENT

Debtor has never attempted to advance a single legal argument in defense of the purported "arm's length" transfer of the Property to Trustee because Debtor has stated since the filing of the initial motion [ECF 41], under oath, the transfer was done purely for "estate planning purposes".  In other words, the warranty deed is a sham and no money was actually received or paid from the "sale" of the property as indicated on the face of the deed. Instead, Debtor's sole argument to prevent the U.S. Marshal from levying on the Property is that service on 3rd party defendants is defective and the motion should be accordingly denied.  The obvious problem with the response is that counsel only represents Debtor, and Debtor, herself, cannot raise defenses on behalf of the 3rd parties.  Counsel for Debtor filed what is essentially a motion to dismiss based on defective service on behalf of parties that he does not represent.  The entire response is superfluous and should be disregarded by the Court.

Even if Debtor could raise and assert affirmative defense arguments on behalf of other parties he does not represent, service was properly perfected under Florida law.

FRCP 4 states:

(e) SERVING AN INDIVIDUAL WITHIN A JUDICIAL DISTRICT OF THE UNITED STATES. Unless federal law provides otherwise, an individual—other than a

minor, an incompetent person, or a person whose waiver has been filed—may
be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in
courts of general jurisdiction **in the state where the district court is
located or where service is made**;

(emphasis added)

In accordance with FRCP 4(e)(1) King had the option of serving under
Florida *or* Georgia law.  Moreover, FRCP 69 [1] clearly states service must be
done under Florida law. 3rd party defendants where served under Florida state
law for service of process related to a trust as indicated in the declarations of
service on file with the Court (ECF 58 – Kelly Galardi & ECF 73 - Porter). [2]
Moreover, "[a] court of this state may exercise personal jurisdiction over a
trustee, trust beneficiary, or other person, whether found within or outside the
state, to the maximum extent permitted by the State Constitution or the
Federal Constitution" (F.S. 736.0202(2)(b)(designed to allow Florida courts to

---

[1] Rule 69. Execution

(a) IN GENERAL.

(1) *Money Judgment; Applicable Procedure.* A money judgment is enforced by a writ of
execution, unless the court directs otherwise. The procedure on execution—and in
proceedings supplementary to and in aid of judgment or execution—**must accord with
the procedure of the state where the court is located**, but a federal statute governs
to the extent it applies.

[2] Debtor attacks the declaration of service for Trustee but puts forth no evidence to
contradict the declaration of service (ECF 58).  Bald accusations that Trustee lives in
Georgia, without more, cannot defeat a declaration of service showing the Notice to Appear
and other documents were properly addressed, sent by overnight courier and signed for at
the address Trustee holds legal title to.

acquire personal jurisdiction over both residents and nonresidents who engage in acts related to a trust in Florida).

## III.   CONCLUSION

For all the reasons identified above, (i) Debtor lacks standing to raise affirmative defenses on behalf of others, (ii) did not submit any admissible evidence challenging the declarations of service and (iii) service was proper on 3rd party defendants pursuant to Florida law as authorized by FRCP 4(e)(1). Respectfully, the Court should GRANT the motion *instanter*.

**WHEREFORE**, it is respectfully requested that this Honorable Court enter an Order substantially as follows:

a. direct the Clerk of the Court to issue a writ of execution as to GALARDI'S ½ interest in the Property;

b. allow KING to credit bid up to the entire amount of the debt due as of the date the auction is held;

c. for such other and further relief as the Court deems just or necessary under the circumstances.

Respectfully submitted this 15th day of December, 2021.

/s/Astrid E. Gabbe, Esq.
FL Bar #635383
The Law Office of Astrid E. Gabbe, P.A.
P.O. Box 4216
Hollywood, FL 33083
Email: astridgabbe@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 15, 2021, I electronically filed the foregoing document with the Clerk of the Court using the NextGen CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record on the Service List via transmission of Notices of Electronic Filing generated by the NextGen CM/ECF system.

/s/ Astrid E. Gabbe, Esq.
FL Bar #635383
The Law Office of Astrid E. Gabbe, P.A.
P.O. Box 4216
Hollywood, FL, 33083
954-303-9882
Email: astridgabbe@gmail.com