UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 20-cv-20592-COOKE/O'SULLIVAN

PORSCHE DARDEN, *et al.*,

    Plaintiffs,

vs.

FLY LOW, INC. AND TERI GALARDI,

    Defendants.

_____/

### JUDGMENT CREDITOR ALEXIS KING'S RESPONSE TO DEBTOR'S MOTION TO STAY THE CASE

Judgment Creditor, Alexis King ("King"), by and through its undersigned counsel, hereby files her response to Judgment Debtor Teri Galardi ("GALARDI" or the "Debtor") motion to stay the entire case due to the bankruptcy of only the Debtor [ECF 89]:

### I. BACKGROUND

On September 20th, 2021, the United States District Court, Southern District of Florida, entered a Final Judgment in favor of KING and against GALARDI in the amount of $468,446.62 (the "Judgment") [ECF 37]. A writ of execution was issued by the Clerk of the Court on September 21, 2021 [ECF 38]. On September 29, 2021 this Court GRANTED Plaintiff's motion for

proceedings supplementary in aid of execution [ECF 43]. A blanket judgment lien on all personal property owned by GALARDI, including the assets identified below, was obtained by filing a Judgment Lien Certificate with the Florida Secretary of State on October 26, 2021 and assigned file number J21000543052. No payment has been made as of the time of the bankruptcy filing. On January 16, 2022 Debtor filed a notice of bankruptcy filing and requested the Court stay the entire case [ECF 89]. King agrees the case is automatically stayed as against DEBTOR, however the case is not stayed against Kelly Galardi, as trustee (owner of the property KING is seeking to cause the U.S. Marshal to levy) and Michael Porter, an interested party.

## II. ARGUMENT AND CITATION TO AUTHORITY

### a. Automatic Stay does not Extent to Non-Debtors

The filing of a bankruptcy petition imposes an automatic stay under the United States Bankruptcy Code. To facilitate the bankruptcy process and reorganization of DEBTOR the Bankruptcy Code stays various proceedings, thereby providing a debtor with a reorganizational "safe haven" (See 11 U.S.C. §362(a). All collection efforts against DEBTOR are automatically stayed. The scope of the automatic stay, however, does not include the non-debtors, Kelly Galardi, as trustee and Michael Porter. The automatic stay does not apply to claims against co-defendants in a civil action who are not themselves debtors in a bankruptcy case.

As a general proposition, this automatic stay provision of the Bankruptcy Code applies only to bar actions against the debtor and does not extend to solvent codefendants. *See W.W. Gay Mech. Contractor, Inc. v. Wharfside Two, Ltd.,* 545 So. 2d 1348, 1350 (Fla. 1989) ("Generally, the protections of the automatic stay do not apply to a codefendant not in bankruptcy."); *Teachers Ins. & Annuity Ass'n of America v. Butler*, 803 F.2d 61, 65 (2d Cir.1986) ("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."); *In re Rubenstein,*105 B.R. 198, 201 (Bankr. D.Conn. 1989) ("In general, the automatic stay does not apply to proceedings against nondebtors."); *E.g., Sav-A-Trip, Inc. v. Belfort,* 164 F.3d 1137, 1139 (8th Cir.1999) ("Extension of an automatic stay to a debtor's co-defendants is only proper in unusual circumstances.") (citing *Croyden Assocs. v. Alleco, Inc.,* 969 F.2d 675, 676 (8th Cir. 1992)); *Stephen Inv. Sec., Inc. v. S.E.C.,* 27 F.3d 339, 342 (8th Cir.1994) (recognizing "automatic stay extends to claims against debtor but does not extend to non-bankrupt codefendants") (citing *Croyden Assocs.,* *1010 969 F.2d at 677); *Croyden Assocs.,* 969 F.2d at 677 (holding that court is "persuaded that the stay required by section 362 should extend only to claims against Alleco, and that the stay is not available to nonbankrupt codefendants, `even if they are in a similar legal or factual nexus with the debtor.'") (quoting *Maritime Elec. Co. v. United Jersey Bank,* 959 F.2d 1194, 1205 (3d Cir.1991), and citing *Fortier v. Dona Anna*

*Plaza Partners,* 747 F.2d 1324, 1330 (10th Cir.1984), which held nothing in section 362 purports to extend automatic stay to claims against debtor's solvent codefendants); *see also Wedgeworth v. Fibreboard Corp.,* 706 F.2d 541, 544 (5th Cir.1983) ("Although judicial interpretation is checkered as to the extent of this statutorily required stay, resolution of the question presented requires a walk down a path as yet unblazed by this court. At trail's end we conclude that § 362 does not operate as an automatic stay of claims against the co-defendants...."); *Cushman & Wakefield, Inc. v. Backos,* 129 B.R. 35 (E.D.Pa.1991) ("The automatic stay of chapter 11 bankruptcy, 11 U.S.C. § 362(a), is limited to debtors and ordinarily does not encompass non-bankrupt co-defendants.") (citing *Teachers Ins. & Annuity Ass'n of Am. v. Butler,* 803 F.2d 61, 65 (2d Cir.1986); and comparing *A.H. Robins Inc. v. Piccinin,* 788 F.2d 994, 999-1001 (4th Cir.), *cert. denied,* 479 U.S. 876, 107 S. Ct. 251, 93 L. Ed. 2d 177 (1986), which held that automatic stay may be extended to non-bankrupt co-defendants in unusual circumstances); *See Sav-A-Trip,* 164 F.3d at 1139; *Croyden Assocs.,* 969 F.2d at 677; *Stephen Inv. Sec., Inc.,* 27 F.3d at 342 n. 5 (acknowledging that "a bankruptcy court's automatic stay might also apply to property of [a] third party non-debtor" under limited circumstances, but stating "[e]ven if we were to acknowledge this limited exception, we could conclude that there is an insufficient identity of interest between [the

codefendants]") (citing *A.H. Robins Co.,* 788 F.2d at 999; and *In re North Star Contracting Corp.,* 125 B.R. 368, 370-71 (S.D.N.Y. 1991));

For the stay to extend to a co-defendant or third party the person must move the bankruptcy court for an Order awarding such relief. Specifically, §105(a) states that "the court may issue any order, process or judgment necessary or appropriate to carry out the provisions of this title." See 11 U.S.C. §105(a). *Bidermann Indus. U.S.A., Inc. v. Zelnik,* 200 B.R. 779, 782 (Bankr.S.D.N.Y.1996) (holding extension of automatic stay to non-debtor codefendants does not occur automatically but rather requires court order under section 105); *All Seasons Resorts, Inc. v. Milner,* 79 B.R. 901, 903 (C.D.Cal.1987)(same).

### III. CONCLUSION

Based upon the arguments asserted above the case against DEBTOR is stayed and the Motion to Commence Proceedings Supplementary [ECF 41] to levy on the property owned by Kelly Galardi, as trustee, should continue to proceed unabated.[1]

*Respectfully submitted this 19th day of January, 2022.*

*[Signature block on the following page]*

---

[1] The motion is fully briefed and ripe for a ruling.

/s/Astrid E. Gabbe, Esq.
FL Bar #635383
The Law Office of Astrid E. Gabbe, P.A.
P.O. Box 4216
Hollywood, FL 33083
954-303-9882
Email: astridgabbe@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 19, 2022, I electronically filed the foregoing response brief with the Clerk of the Court using the NextGen CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record on the Service List via transmission of Notices of Electronic Filing generated by the NextGen CM/ECF system.

/s/ Astrid E. Gabbe, Esq.
FL Bar #635383
The Law Office of Astrid E. Gabbe, P.A.
P.O. Box 4216
Hollywood, FL, 33083
954-303-9882
Email: astridgabbe@gmail.com