UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-20592-CIV-SINGHAL/DAMIAN

PORSCHE DARDEN, *et al.*,

    Plaintiffs,

v.

FLY LOW, INC., and
TERI GALARDI,

    Defendants.
_____/

### ORDER TERMINATING ATTORNEY ASTRID E. GABBE FROM REPRESENTATION OF PLAINTIFF ALEXIS KING

### AND

### REPORT AND RECOMMENDATION REGARDING EFFECT OF AUTOMATIC STAY AND PLAN INJUNCTION RELATED TO BANKRUPTCY OF DEFENDANT TERI GALARDI

THIS CAUSE is before the undersigned United States Magistrate Judge following the referral of this action by the Honorable Raag Singhal "for appropriate disposition or report and recommendation on all matters." [ECF No. 117].

The undersigned has reviewed the record in this matter and is fully advised in the premises. Upon a review of the record, as discussed below, the undersigned notes there are numerous pending motions, including the following:

(1) Plaintiff Alexis King's Expedited Motion to Reopen and for Substitution **[ECF No. 101]**, filed by Plaintiff Alexis King *pro se*;
(2) Unopposed Motion to Approve Consent Judgment *on Uncontested Attorney Charging Lien* **[ECF No. 110]**, filed by attorney Astrid Gabbe;
(3) Unopposed Motion to Approve Consent Judgment *on Uncontested Attorney Charging Lien* **[ECF No. 113]**, filed by attorney Astrid Gabbe;
(4) Motion to Vacate the Consent Judgment for Fraud **[ECF No. 114]**, by Plaintiff Alexis King *pro se*;

(5) Cross Motion for Judgment on Uncontested Attorney Charging Lien **[ECF No. 123]**, filed by attorney Astrid Gabbe;
(6) Motion to Substitute Party Joseph Robert Guernsey in Place of Plaintiff Alexis King **[ECF No. 124]**, filed by attorney Astrid Gabbe;
(7) Motion for Judgment on Uncontested Attorney Charging Lien **[ECF No. 128]**, filed by attorney Astrid Gabbe; and
(8) Motion to Strike Notice of Continuing Automatic Stay **[ECF No. 132]**, filed by attorney Astrid Gabbe.

In addition to the above-listed Motions filed in this case, the parties and counsel have filed numerous notices of withdrawing various motions and filings. *See* ECF Nos. 107, 108, 111, 116, 121, 129. And, on January 24, 2024, the Liquidating Trustee of the bankruptcy proceedings in the Middle District of Georgia involving Defendant Teri Galardi—discussed more fully below—filed an Emergency Motion to Enforce Stay of Proceedings Pending Bankruptcy Court Ruling. [ECF No. 136].

Finally, the undersigned also notes that in the Expedited Motion to Reopen and for Substitution [ECF No. 101], Plaintiff Alexis King ("Ms. King") requests the Court terminate her attorney, Astrid Gabbe ("Ms. Gabbe"), and substitute Ms. King to represent herself *pro se* in this action.

These matters are addressed below.

## RELEVANT BACKGROUND

This case has been pending in this Court since February 2020, and its history reflects a truly tangled web. The undersigned recounts below only those facts relevant to the determination of the matters now before the Court.

### 1. *The Underlying Case*

The instant case was initiated by Plaintiffs Lygia Simmons, Lakeisha Fenner, Porsche Darden, Alexis King, Elidria Griffin, and Jenisee Long with the filing of a Motion to Compel Arbitration, in which Plaintiffs requested the Court compel Defendants to participate in

binding arbitration pursuant to arbitration agreements executed by Plaintiffs as part of their employment by Defendants and Defendants' entities. *See* ECF No. 1. At issue in the underlying disputes that Plaintiffs sought to arbitrate were Plaintiffs' claims for unpaid wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. In May 2020, this Court granted Plaintiffs' Motion to Compel Arbitration, over Defendants' objections, compelled arbitration of Plaintiffs' claims, and administratively closed the case. [ECF No. 23].

Approximately one year later, Ms. King obtained an arbitration award in her arbitration proceeding, and, on June 2, 2021, she moved to confirm the arbitral award and sought entry of final judgment in this Court. [ECF No. 24]. As set forth in her Motion to Confirm the Arbitral Award, Ms. King had obtained an award against Defendant Galardi for $419,390, and she sought the entry of a judgment against Defendant Galardi in that amount. *Id.* Perhaps sensing the difficulties to come, Ms. King sought relief in this Court on an expedited basis. *Id.* On September 15, 2021, this Court granted Ms. King's Motion and confirmed the final arbitration award entered in favor of Ms. King. [ECF No. 35]. Shortly thereafter, the Court entered Final Judgment in favor of Ms. King and against Defendant Galardi in the amount of $448,446.62. [ECF No. 37].

2. *Alexis King's Efforts To Enforce The Arbitration Award*

Ms. King immediately sought to execute on the judgment, including by initiating proceedings supplementary and interpleading alleged transferees of Defendant Galardi's property interests (*see* ECF Nos. 39, 41, 42), and this Court granted her Motion for Proceedings Supplementary Including Interpleader of Third Parties. [ECF No. 43]. Meanwhile, Plaintiffs Lygia Simmons, Ellidria Griffin, and Lakeisha Fenner all obtained

arbitration awards and sought confirmation of their awards in this case. *See* ECF Nos. 46, 47, 59. Notably, all of the foregoing was undertaken while Ms. King and the other Plaintiffs were represented by attorney Astrid Gabbe.

### 3. Notice Of Bankruptcy And Automatic Stay

Ms. King, still represented by Ms. Gabbe, continued to actively engage in efforts to collect on her judgment and engaged in post-judgment discovery for the next several months. Then, on January 16, 2022, Defendant Galardi filed a Notice of Bankruptcy and Automatic Stay, informing the Court that she had filed a Petition under Chapter 11 of the Bankruptcy Code in the Middle District of Georgia and that the automatic stay applied pursuant to 11 U.S.C. § 362. [ECF No. 89]. On April 12, 2022, this Court entered an Order staying all proceedings in this case, including Ms. King's active efforts to proceed with collection efforts against non-parties who allegedly received fraudulent transfers of Defendant Galardi's assets. [ECF No. 96].

### 4. Issues Involving Ms. King And Ms. Gabbe

This case remained quiet while the bankruptcy matter involving Defendant Galardi proceeded until August 14, 2023, when Ms. King filed an Expedited Motion to Reopen and for Substitution, in which she informed the Court that she and her attorney, Astrid Gabbe, were involved in a fee dispute in the bankruptcy proceedings. *See* ECF No. 101. Ms. King requested to remove Ms. Gabbe as her counsel so that she may proceed in this case *pro se*. *Id*. Thereafter, both Ms. King and Ms. Gabbe filed various motions seeking, *inter alia*, to approve a consent judgment, to vacate a consent judgment, to substitute a different party in place of Ms. King, and to withdraw and strike various motions filed by each other and others. *See supra* pending motions and notices above. Because Ms. Gabbe remained as Ms. King's

4

counsel, Ms. Gabbe was purportedly filing on behalf of Ms. King, but Ms. King informed the Court Ms. Gabbe was not authorized to file the various filings on her behalf. *See, e.g.*, ECF Nos. 101 and 114.

Among other things, the various filings reflect that Ms. King and Ms. Gabbe are involved in a fee dispute, that Ms. Gabbe is seeking to enforce a charging lien against Ms. King's recovery, and Ms. King disputes that Ms. Gabbe is authorized to do anything on her behalf and wants Ms. Gabbe removed as her counsel.

While the substance of the various filings by Ms. King and Ms. Gabbe is troubling, most of it is not relevant to the disposition of the matters immediately before this Court.

### 5. *Notices Filed By Liquidating Trustee*

On October 20, 2023, the Liquidating Trustee in the Middle District of Georgia bankruptcy proceedings involving Defendant Galardi filed a Notice of Bankruptcy informing the Court and the parties that the automatic stay pursuant to 11 U.S.C. § 362 remains in place and applies to Defendant Galardi and all her creditors and anyone holding claims against her. [ECF No. 115]. On January 12, 2024, the Liquidating Trustee filed a Notice of Continuing Automatic Stay, informing the Court that the automatic stay and plan injunction related to the bankruptcy of Defendant Galardi remains in full force and effect and applies to all creditors and beneficiaries holding claims against the Debtor, Galardi, the Debtor's assets and estates, the trust's assets, and the liquidating trust and trustee. *See* ECF No. 131. The Notice of Continuing Stay also informed this Court that the parties at issue in the instant matter entered into a settlement agreement in November 2023, pursuant to which the parties agreed to withdraw the various pleadings and filings in this case regarding the fee dispute and charging lien and permit the Bankruptcy Court to determine Ms. Gabbe's claims of lien, if

any. *Id.* A copy of the signed settlement agreement is attached to the Notice of Continuing Stay. *Id.*

There are two issues now before this Court: (1) whether Ms. Gabbe should be terminated as Ms. King's attorney in the instant case; and (2) whether any of the many motions pending before the Court (besides Ms. King's request to remove Ms. Gabbe as her counsel) should proceed in this Court in light of the continued automatic stay.

## DISCUSSION

### 1. *Ms. King's Request To Proceed Pro Se*

As discussed above, Ms. King informed the Court in her Expedited Motion to Reopen and for Substitution (ECF No. 101) that she wishes to terminate Ms. Gabbe as her counsel of record and to proceed *pro se*. In other filings submitted in this case, Ms. King alleges that Ms. Gabbe has been filing documents without her (Ms. King's) permission and misrepresenting that Ms. King had consented to or authorized filings when, according to Ms. King, she had not. *See* ECF Nos. 101, 107, 114.

The undersigned finds that Ms. King has demonstrated good cause for seeking to terminate her attorney and proceed *pro se* in the instant case. She is entitled to the counsel of her choosing, and removing Ms. Gabbe and permitting Ms. King to proceed *pro se* in this case will not prejudice any party or cause any hindrance or delay in the matters before this Court.

Therefore, Ms. Gabbe's representation as counsel of record for Ms. King is terminated in the instant case, and Ms. King may proceed *pro se* in the instant case or notify the Court if she retains new or substitute counsel of record, who shall enter a notice of appearance if applicable.

### *2. The Effect Of The Automatic Stay On The Remaining Pending Motions*

The next issue before the Court is whether the other motions and filings in this case relating to the fee dispute between Ms. Gabbe and Ms. King and to Ms. Gabbe's charging lien are subject to the automatic stay.

When a debtor files a bankruptcy petition, 11 U.S.C. § 362(a) imposes an automatic stay on proceedings against the debtor, the debtor's property, or property of the bankruptcy estate. *See Pinzon v. Vitamins Connection Ctr., Inc.*, No. 06-20265-CIV, 2007 WL 2701102, at *1 (S.D. Fla. Sept. 13, 2007) ("[A]n automatic stay is created upon the filing of any bankruptcy petition." (citing *Ellison v. Nw. Eng'g Co.*, 707 F.2d 1310, 1311 (11th Cir. 1983))). "The automatic stay of 11 U.S.C. § 362 is one of the most crucial protections that a debtor is afforded under the United States Bankruptcy Code." *In re Namen*, 649 B.R. 603, 607 (Bankr. M.D. Fla. 2023). "The scope of the automatic stay is necessarily broad so that debtors may reorganize their affairs in an orderly and equitable fashion." *Id.* (quoting *In re Briskey*, 258 B.R. 473, 477 (Bankr. M.D. Ala. 2001)); *see also In re Mwangi*, 764 F.3d 1168, 1173 (9th Cir. 2014). As courts in this District have observed, an important purpose of the automatic stay is to prevent a "chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts." *In re Atlas*, 222 B.R. 656, 659 (S.D. Fla. 1998) (quoting *Matter of Holtkamp,* 669 F.2d 505, 508 (7th Cir. 1982)). "[A]ctions taken in violation of the automatic stay are void and without effect." *United States v. White,* 466 F.3d 1241, 1244 (11th Cir. 2006) (quoting *Borg-Warner Acceptance Corp. v. Hall,* 685 F.2d 1306, 1308 (11th Cir. 1982)).

Courts in this District consistently hold that federal district courts have jurisdiction concurrent with the originating bankruptcy court to determine the applicability of the

bankruptcy court's automatic stay. *See Great Am. Ins. Co. v. Glasgow Equip. Serv., Inc.*, No. 17-CV-81109, 2018 WL 3089338, at *2 (S.D. Fla. May 9, 2018); *Chicago Title Ins. Co. v. Lerner*, 435 B.R. 732, 735 (S.D. Fla. 2010); *see also In re Baldwin-United Corp. Litig. (*, 765 F.2d 343, 347 (2d Cir. 1985) (citations omitted) ("Whether the stay applies to litigation otherwise within the jurisdiction of a district court . . . is an issue of law within the competence of both the court within which the litigation is pending and the bankruptcy court supervising the reorganization."). Thus, as an initial matter, this Court possesses the power to determine the applicability of the automatic stay.

As stated above, numerous motions and other filings have been filed in this action despite the automatic stay. The motions pertain to an attorneys' fee dispute between Ms. King and her attorney, Ms. Gabbe, and Ms. Gabbe's efforts to collect attorneys' fees from Ms. King and to enforce a charging lien. As discussed above, the Liquidating Trustee in the Galardi bankruptcy has filed information with this Court indicating that the automatic stay and plan injunction related to the bankruptcy of Teri Galardi is continuing and that the parties have agreed that issues related to Ms. Gabbe's charging lien are to be determined by the Bankruptcy Court, pursuant to agreement of the parties. [ECF Nos. 131]. The Liquidating Trustee submitted a copy of the parties' agreement demonstrating as much. *Id.* Ms. Gabbe, on behalf of herself as movant, filed a Motion to Strike the Liquidating Trustee's Notice regarding the automatic stay on grounds the Notice was filed solely to mislead this Court because the matters at issue do not involve the debtor or property of the bankruptcy estate. [ECF No. 132].

The undersigned observes that the attorneys' fees at issue are based on a contingency fee arrangement between Ms. King and Ms. Gabbe such that any fees payable to Ms. Gabbe

8

would likely be collected from Ms. King's judgment, which is part of the bankruptcy estate against Teri Galardi, the debtor. As such, the dispute appears to address or, at least, is related to property of the bankruptcy estate. Neither Ms. King nor Ms. Gabbe has demonstrated otherwise, and no information has been submitted to this Court to support a finding that the actions are not subject to the automatic stay. Although Ms. Gabbe has submitted a self-serving Motion arguing that they are not [ECF No. 132], the Motion is supported by no evidence or law to support her claims that the matters are not subject to the automatic stay and/or should not be handled by the Bankruptcy Court based on the agreement of the parties.

Moreover, although this Court has concurrent jurisdiction to determine whether the automatic stay applies to the matters before it, the undersigned is cognizant "that exercising concurrent jurisdiction may inhibit the bankruptcy court's authority and equitable powers to assure the orderly conduct of the reorganization process and prevent the bankruptcy court from construing its own stay," since "[i]n many cases, harmony, fairness, and efficiency are best achieved by centralizing construction of the automatic stay in the Bankruptcy Court." *Chicago Title*, 435 B.R. at 736 (internal quotation marks omitted) (quoting *In re Baldwin-United.*, 765 F.2d at 349 ). Thus, unless and until the Bankruptcy Court provides further direction, the undersigned finds that the matters raised in the various motions and filings in this case should be stayed as subject to the Bankruptcy Court's automatic stay. *See id.*

Ms. King's request to terminate Ms. Gabbe as her attorney, on the other hand, does not appear to have any connection with the debtor or her property or the property of the Estate but, instead, appears to be an issue solely between Ms. King and Ms. Gabbe. As such, the request to terminate Ms. Gabbe does not fall within and is not subject to the automatic stay.

9

Thus, based on the information before the Court, the undersigned finds that the motions and filings identified above, with the exception of Ms. King's request to terminate Ms. Gabbe's representation on her behalf, are all subject to the automatic stay.

## CONCLUSION

Accordingly, for the reasons set forth above, it is hereby

**ORDERED AND ADJUGED** that Astrid E. Gabbe and the Law Office of Astrid E. Gabbe, P.A. are hereby terminated as counsel of record for Plaintiff Alexis King. Ms. King may proceed *pro se* in the instant matter or, in the event she retains new or substitute counsel, counsel shall file a Notice of Appearance.

Further, the undersigned respectfully recommends that the Court **STAY** this case and that it remain **ADMINISTRATIVELY CLOSED** until the conclusion of the bankruptcy action involving Defendant Teri Galardi. The undersigned further recommends that the Court **DENY** all pending Motions, including but not limited to those identified herein, as **MOOT**. Lastly, the undersigned recommends that the Court direct Defendant Teri Galardi to continue to file status reports with the Court outlining, in detail, the status of the bankruptcy action and direct the parties to notify this Court if the Bankruptcy Court lifts the automatic stay.

The parties will have seven (7)[1] days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Raag Singhal, United States District Judge. Failure to file timely objections shall bar the

---

[1] In order to facilitate the prompt disposition of this matter, the undersigned is expediting the time to file objections and responses thereto, if any, to this Report and Recommendation. *See* Rule 4(b), Magistrate Judge Rules, Local Rules for the Southern District of Florida (providing that parties may object to a Magistrate Judge's report and recommendation within fourteen (14) days "or within such other time as may be allowed by the Magistrate Judge or District Judge").

parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

      **RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 24th day of January, 2024.

                                                             MELISSA DAMIAN
                                                            UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record
Alexis King, pro se